THE PEOPLE *v.* MELÉNDEZ.

APPEAL from the District Court of Guayama.

No. 11.—Decided March 20, 1905.

CRIMINAL LAW—CRIMES AGAINST THE ELECTION LAW—FELONY.—The crime defined and punished by section 161 of the Penal Code is a felony, and municipal courts have no jurisdiction thereof.

ID.—CRIMES NOT EXPRESSLY DEFINED BY THE CODE.—The crimes which may be punished under section 93 of the Penal Code are those for which no other

punishment is prescribed, but if the crime is defined and punished by any provision of the code it must be prosecuted and punished in accordance therewith.

HABEAS CORPUS—EXCEEDING JURISDICTION—ILLEGAL IMPRISONMENT.—A defendant accused and convicted by a court of a crime, of which it has no jurisdiction, it is null and void, and the defendant will be discharged on *habeas corpus.*

The facts are stated in the opinion.

*Mr. Falcón,* for appellant.

*Mr. Rossy, Fiscal,* for The People.

MR. JUSTICE FIGUERAS delivered the following opinion of the court.

As per affidavit of record in the preceding certificate, charges were brought in the Municipal Court of Cayey in the name of "The People of Porto Rico" against Onofre Meléndez, who acted as president of precinct number 42, for the crime of violation of the election law, consisting in delaying the voting of several voters by divers means such as propounding impertinent questions, compelling them to change places, and retarding the beginning of balloting, etc., etc.

The municipal judge of Cayey, after hearing the evidence and the arguments of the special *fiscal,* E. B. Wilcox, Esq., and Ramón Falcón, Esq., attorney for the defendant, sentenced the said Onofre Meléndez on the 21st day of February of the current year, to two months imprisonment in the district jail, and to the payment of costs.

The aforesaid Onofre Meléndez was lodged in jail and, for the purpose of securing his release, filed a petition for a writ of *habeas corpus* in the District Court for the Judicial District of Guayama on the ground that he had been tried and sentenced by the municipal judge of Cayey who had no jurisdiction in the case. The said writ of *habeas corpus* was duly returned with the result that the judge of the said court of Guayama, recognizing that the petition was well founded, ordered the release of Onofre Meléndez by decision rendered on the 13th instant, and the aforesaid petitioner was discharged.

The *fiscal* for that district, in the name of the special *fiscal*

E. B. Wilcox, Esq., who had been appointed for the prosecution of election cases, took an appeal and upon transmittal of the proper transcript of the record, a day was set for the hearing, at which said hearing the *fiscal* of this Supreme Court argued the case *in voce* in support of the reversal of the judgment rendered by the District Court of Guayama under which the said Onofre Meléndez was discharged and in consequence thereof that the said defendant be again confined in jail.

The *fiscal* maintained that the municipal judge of Cayey had jurisdiction in the matter, on the following grounds:

Section 44 of the Penal Code provides that:

"An act or omission which is punishable in different ways by different provisions of this Code may be punished under either of such provisions, but in no case can it be punished under more than one," etc., etc.

It is true, he argued, that the acts or omissions committed by Onofre Meléndez are punishable in a different way under sections 93 and 161 of the said Penal Code; therefore, he may be tried and sentenced under section 93, which, referring as it does to misdemeanors, comes perfectly within the jurisdiction of the municipal judge of Cayey.

But this theory cannot be maintained, as the said section 93 must be read in its entirety, which is as follows:

"Every person holding a public office, who willfully refuses or neglects to perform the duties thereof, or who violates any provision of law relating to his duties or the duties of his office, for which some other punishment is not prescribed, is punishable by fine not exceeding five thousand (5,000) dollars, or by imprisonment in jail not exceeding one year, or both."

From the reading of the said section it becomes apparent that it is applicable in case and whenever some other punishment is not prescribed; but as there is another provision in the Code, section 161, which fixes another penalty and appears under Title IX relative to election frauds, which is precisely

the crime prosecuted, there is no necessity to distort the facts and have recourse to section 93 of Title VIII of the Code which treats of crimes by and against the executive power, when the offense complained of has no reference to this kind of acts or offenses.

The question is, we repeat, as to an election fraud; it relates to violations of the provisions of the election law in force in this Island; it is a question of acts or omissions not punishable in different ways by different provisions, as it has been averred, but of acts or omissions defined and punished under a single provision, section 161, and without taking things out of their meaning and natural scope, there is nothing to be done but to recur to that provision which defines the act and provides the punishment in a most definite manner.

This being the case we are forced to the conclusion that the facts, in the manner and form in which they have been presented to us, do constitute a felony and therefore the municipal judge of Cayey has no jurisdiction to try and sentence the said Onofre Meléndez, because it is contrary to the provisions of section 4 of an act reorganizing the judiciary, approved March 10, 1904. Hence it follows that the only court of competent jurisdiction to try and sentence the said Meléndez was the District Court for the District of Guayama, and therefore the said court acted within its strict jurisdiction on deciding favorably petitioner's application for a writ of habeas corpus, inasmuch as his commitment was vitiated by the material error of having been decreed by a judge who was without jurisdiction therefor.

On the grounds hereinabove stated we recommend that the decision rendered by the District Court of Guayama on the 13th day of March of the current year be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and MacLeary concurred.

Mr. Justice Wolf did not sit at the hearing in this case.